United States District Court
Southern District of Texas
**ENTERED**
January 14, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROSEMARY THOMPSON and | § | |
| TIMOTHY E. THOMPSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-598 |
| | § | |
| WELLS FARGO BANK, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.      Background**

Rosemary Thompson and Timothy Thompson challenge the foreclosure of their home.  In August 2004, Rosemary Thompson signed a Texas Home Equity Fixed/Adjustable Rate Note in the amount of $122,400 owed to WMC Mortgage Corporation ("WMC"), and both Rosemary Thompson and Timothy Thompson signed a Texas Home Security Instrument granting WMC a security interest in the property they borrowed the money to purchase.  After a series of assignments, the mortgage holder was HSBC Bank USA, National Association, ("HSBC") as Trustee for ACE Securities Corp. Home Equity Loan Trust Series 2004-HE3 Asset-Backed Pass Through Certificates.

After default, notice of default and intent to accelerate, followed by a notice of acceleration, HSBC sought judicial foreclosure in the Texas state court.  The Thompsons answered, asserting a limitations defense and a counterclaim for wrongful eviction.  The state court held a trial, at which the Thompsons testified.  The state court entered a judgment of foreclosure in HSBC's favor and denied the Thompsons relief on their counterclaim.  The Thompsons appealed.  On June 30, 2015, the Texas appellate court issued an opinion affirming the trial court's judgment.

1

The Thompsons filed this federal suit in March 2015.  (Docket Entry Nos. 1, 4).  Their amended complaint alleged common-law fraud, mortgage fraud, and conspiracy to commit fraud under 18 U.S.C. §§ 1001, 1010, 1014, 1341, 1343, and 1344; violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; violations of the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COMM. CODE § 24.001 *et seq.*; violations of the "Texas Baby RICO law"; and breach of contract.  They sued Wells Fargo Bank, N.A. ("Wells Fargo"), America's Servicing Company ("ASC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), WMC, and Startex Title Company, LLC ("Startex").  The Thompsons seek damages from Startex, Wells Fargo, and ASC; a release of the lien on their property from WMC; and a "written statement as to [its] involvement and/or [role] for a contract" from MERS.  (Docket Entry No. 4 at p. 13).

Wells Fargo, ASC, and MERS moved to dismiss under Rule 12(b)(6).  (Docket Entry No. 14).  WMC and Startex moved for a more definite statement.  (Docket Entry No. 16, 21).  The Thompsons responded.  (Docket Entry Nos. 17, 18, 20, 24, 25).  On June 2, 2015, the court heard argument on the motions, taking them under advisement and setting deadlines for Startex to file any motion to dismiss and for Wells Fargo and WMC to file a joint brief on the effect of the state-law foreclosure judgment.  (Docket Entry No. 33).  Startex moved to dismiss.  (Docket Entry No. 34).  WMC joined in the motion to dismiss filed by Wells Fargo, ASC, and MERS and filed a supplemental brief based on the state-law foreclosure judgment.  (Docket Entry No. 35).  On December 9, 2015, the Thompsons filed a second amended complaint, which the defendants have moved to strike.  (Docket Entry Nos. 49, 50).

## II.    Discussion

2

A.    **The Legal Standards**

The court has federal-question jurisdiction over the TCPA claim, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012); 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claims, 28 U.S.C. § 1367(a).  "Texas substantive law and federal procedural law apply to these state-law claims."  *Harris Cty. v. MERSCORP, Inc.*, 791 F.3d 545, 551 (5th Cir. 2015).

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'"  *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "To survive a Rule

3

12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

In considering a Rule 12(b)(6) motion to dismiss, a court limits itself to the contents of the pleadings, with an exception. In *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th

4

Cir. 2000), the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. The Fifth Circuit made it clear that "such consideration is limited to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d at 498–99). Other courts approve the same practice.  *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (citations omitted)); *see also Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1988) (citation omitted); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

When "matters outside the pleadings" are submitted in support of or in opposition to a Rule 12(b)(6) motion to dismiss, Rule 12(b) grants courts discretion to accept and consider those materials, but does not require them to do so.  *See Prager v. LaFaver*, 180 F.3d 1185, 1188–89 (10th Cir. 1999); *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366).  A court exercises this discretion by determining whether the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate disposing of the action.  *Isquith*, 847 F.2d at 193 n.3. If the court decides to consider such extraneous material, then the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56.  FED. R. CIV. P. 12(d).  If the court refuses to consider those materials outside the pleadings, then the Rule 12(b)(6) motion remains intact and may be decided on its merits under the appropriate standard of review.

**B.      The Claims Under Title 18**

5

The Thompsons assert causes of action under 18 U.S.C. §§ 1001, 1010, 1014, 1341, 1343, and 1344.  These federal criminal statutes do not provide a private cause of action.  *Hocker v. CitiMortgage, Inc.*, No. 09-cv-00973, 2012 WL 174967, at *4 (M.D. Pa. Jan. 20, 2012) (no private cause of action under 18 U.S.C. § 1010); *Watson v. United States*, No. C-07-326, 2009 WL 2601254, at *3 (S.D. Tex. Aug. 24, 2009) (no private cause of action under 18 U.S.C. § 1344); *Parker v. Blake*, No. 08-184, 2008 WL 4092070, at *3 (W.D. La. Aug. 29, 2008) (no private cause of action under 18 U.S.C. §§ 1001 and 1014); *Napper v. Anderson, Hensley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (no private cause of action under the mail- and wire-fraud statutes, 18 U.S.C. §§ 1341 and 1343).  The claims are dismissed.

The criminal and civil conspiracy claims, which are based on violations of these statutes, are dismissed as well.  *Fairfax v. Comm'r of Soc. Sec.*, 443 F. App'x 730, 730 (3d Cir. 2011) (per curiam) (no private right of action for criminal conspiracy under 18 U.S.C. § 371); *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) ("[W]e do not analyze the trial court's refusal to dismiss plaintiffs' causes of action for [civil] conspiracy separately from its refusal to dismiss their other causes of action.  If the trial court did not abuse its discretion in refusing to dismiss all of plaintiffs' fraud claims, then, *a priori*, it did not abuse its discretion in refusing to dismiss the claims of conspiracy related to fraud.").

Because the law provides no basis for relief on these claims, further amendment is futile. These claims are dismissed with prejudice.

### C.    The Claim Under the TCPA

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone

dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).  The Thompsons allege that Wells Fargo and ASC violated the TCPA by calling the Thompsons' cell phone five to eight times per day.  (Docket Entry No. 4 at p. 10). That is the only allegation.  Without more, it does not state a claim.  The Thompsons have not, for example, alleged that Wells Fargo used an "automatic telephone dialing system," as the TCPA requires.  The TCPA claim is dismissed.  Because the complaint was amended after this issue was raised, further opportunities to amend would be futile.  The dismissal is with prejudice.

### D.    The Texas State-Law Claims

The Thompsons bring state-law claims for fraud, violations of TUFTA and the "Texas Baby RICO law," and breach of contract.

#### 1.    Fraud

"The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury."  *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).  Fraud claims must be pleaded with particularity.  FED. R. CIV. P. 9(b).  The complaint must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

Although the Thompsons' complaint alleges fraud, the allegations are conclusory.  The

Thompsons have failed to identify specific fraudulent statements, why they were fraudulent, or who, where, and when they were made.  The fraud claims are dismissed, with prejudice, because after two prior amendments, further opportunities to amend would be futile.

### 2.    TUFTA

"To establish a claim under TUFTA, a plaintiff must prove that (1) she is a 'creditor' with a claim against a 'debtor'; (2) the debtor transferred assets after, or a short time before, the plaintiff's claim arose; and (3) the debtor made the transfer with the intent to hinder, delay, or defraud the plaintiff."  *Dontos v. Vendomation NZ, Ltd.*, 582 F. App'x 338, 344 (5th Cir. 2014) (per curiam).  The Thompsons have not alleged that they are "creditors" or that they have a claim against any of the defendant "debtors."  The complaint shows that no TUFTA claim could be stated.  The TUFTA claim is dismissed, with prejudice.

### 3.    Texas "Baby RICO"

The Thompsons assert a claim under the "Texas Baby RICO law," but such a law does not exist.  To the extent the Thompsons mean to bring a cause of action under the Texas Organized Crime Statute, TEX. PENAL CODE § 71.01, *et seq.*, the claim fails as a matter of law because "the [Texas] Penal Code does not create private causes of action, and a victim does not have standing to participate as a party in a criminal proceeding," *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied) (quotation marks omitted).  This claim is dismissed, with prejudice.

### 4.    Breach of Contract

The final claim is for breach of contract.  "In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff

as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (alteration omitted) (quotation marks omitted).  The Thompsons have not plausibly alleged how the defendants breached the mortgage-loan contract or note, or who did so.  There is no breach of contract, and the claim is dismissed, with prejudice.

      **E.**    *Rooker-Feldman*

To the extent the Thompsons argue that any of these causes of action justify releasing a lien on their property or enjoining the foreclosure of their home, the court lacks jurisdiction under *Rooker-Feldman*[1] to modify or nullify the state-court judgment of foreclosure, which was recently affirmed on appeal.  *Thompson v. HSBC Bank*, No. 01-14-00589-CV, 2015 WL 3981799 (Tex. App.—Houston [1st Dist.] June 30, 2015).  The Thompsons' "contentions implicate the validity of the state foreclosure judgment, and [they] seek[] legal determinations that would allow [them] to retain possession of [their] home." *Magor v. GMAC Mortg., LLC*, 456 F. App'x 334, 335–36 (5th Cir. 2011) (per curiam).  *Rooker-Feldman* provides an independent ground for dismissal.

      **F.**    **The Second Amended Complaint and the Motion to Strike**

On December 9, 2015, nine months after they filed suit, the Thompsons filed a second amended complaint.  The defendants have moved to strike, arguing that the Thompsons did not move to amend and that even if they had, the amendment was untimely and futile.  Review of the amended complaint shows that it asserts many of the same, conclusory allegations as the prior two, despite motions and arguments identifying the deficiencies.  Further opportunities to amend would be futile.  Although the motion to strike is denied, the motion to dismiss is granted, without leave to amend.

---

[1]  *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

### III.     Conclusion

The motions to dismiss for failure to state a claim are granted.  (Docket Entry Nos. 14, 34). The motions for a more definite statement are dismissed as moot.  (Docket Entry Nos. 16, 21).  The motion to strike the amended complaint is denied.  (Docket Entry No. 50).[2]  An order of dismissal is separately entered.

SIGNED on January 14, 2016, at Houston, Texas.

_Lee H. Rosenthal_
Lee H. Rosenthal
United States District Judge

---

[2]  The Thompsons have also filed a "motion to dismiss," as a response to the defendants' motion to dismiss.  (Docket Entry No. 18).  Whether the Thompsons mean to move to dismiss claims that the defendants have not asserted against them or mean to dismiss the motion, the requests are denied.